UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2026

OCEAN GROUP FZCO,

                Plaintiff,

             -v-

LIDO OVERSEAS DMCC n/k/a LIDOIL DMCC,

                Defendant.

**ORDER**

24-CV-8059 (JHR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Petitioner Ocean Group FZCO ("Ocean Group") seeks entry of an order authorizing alternative service of process on Respondent Lido Overseas DMCC, now known as Lidoil DMCC ("Lidoil"), a company organized under the laws of the United Arab Emirates ("UAE"). ECF No. 24.[1] For the reasons described below, Ocean Group's motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Ocean Group was the "disponent owner" of two oil tankers.[2] November 19, 2025 Declaration of Artur Aushev ("Aushev Decl.") ¶ 4, ECF No. 25-1. Acting through a broker, Ocean Group entered into two voyage charter party agreements with Lido Overseas DMCC in 2023. *See id.* ¶ 8. Ocean Group filed this action to

---

[1] Ocean Group filed an incomplete version of this same motion at ECF No. 19. That earlier motion is therefore being denied as moot.

[2] "A disponent owner does not hold legal title to a vessel. . . . Instead, a disponent owner rents the vessel from the true owner under a time charter and then enters into contracts for the carriage of goods." *Ocean Prods., Inc. v. Molinos Rio de la Plata, S.A.*, No. 93-CV-3487 (DC), 1999 U.S. Dist. LEXIS 5778, *1 n.1 (S.D.N.Y. Apr. 22, 1999) (citations omitted).

compel arbitration of a dispute regarding these two agreements.  *See* Verified Petition to Compel Arbitration & Appoint Arbitrator, ECF No. 1.

Soon after commencing this action, Ocean Group filed a similar motion for alternative service.  ECF No. 9.  Judge Rearden denied this earlier motion in an Order dated February 13, 2025.  ECF No. 14.  This Order explained that any renewed application for alternative service "should identify the email addresses Petitioner seeks to use to serve Respondent and provide evidence that the proposed mailing address and email addresses are 'reasonably calculated' to apprise [Lidoil] of the pendency of this action."  ECF No. 14 at 2 (citation omitted).  Thus, the Court's primary concern with Ocean Group's earlier motion was that it did not make a sufficient showing that alternative service would satisfy the requirements of due process.

Ocean Group now renews its motion for alternative service, supported by a memorandum of law, ECF No. 25, and the Aushev Declaration, ECF No. 25-1. Ocean Group seeks Court approval to serve Lidoil through international certified mail to 2703 Platinum Tower Plot No: JLT-PH-12 Jumeirah Lakes Towers, Dubai, UAE, and by email to the following addresses: priya.aggarwal15@gmail.com; docs@19372846.com; gk@19372846.com; nc@19372846.com; and kuz@19372846.com.  ECF No. 24.

## II.   DISCUSSION

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process on a foreign corporation outside the United States can be made "in any

2

matter prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f)(3), in turn, allows for service outside the United States "by other means not prohibited by international agreement." A court has wide discretion in ordering service of process under Rule 4(f)(3), and any such order must comply with due process requirements that such notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Payne v. McGettigan's Mgmt. Servs., LLC*, No. 19-CV-1517 (DLC), 2019 U.S. Dist. LEXIS 200872, at *2–3 (S.D.N.Y Nov. 19, 2019) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The first question to consider is whether service through international certified mail and email is "prohibited by international agreement." Ocean Group asserts that the UAE "is not a signatory to the Hague Convention [on the Service Abroad of Judicial and Extrajudicial Documents] or any other agreement addressing service of process." ECF No. 25 at 6 (citations omitted). There are decisions in this District reaching this same conclusion. *See Barron v. Helbiz Inc.*, No. 20-CV-4703 (LLS), 2022 U.S. Dist. LEXIS 139709 (S.D.N.Y. Aug. 5, 2022); *CKR Law LLP v. Anderson Invs. Int'l*, 525 F. Supp. 3d 518 (S.D.N.Y. 2021); *Copragri S.A. v. Agribusiness United DMCC*, No. 20-CV-5486 (LGS), 2020 U.S. Dist. LEXIS 183301 (S.D.N.Y. Oct. 2, 2020). Thus, Ocean Group has demonstrated that the alternative service it proposes is not prohibited by an international agreement.

Next, Ocean Group must demonstrate that alternative service would satisfy the requirements of due process. Ocean Group failed to make this showing in its

first motion.  In support of its request to serve by international certified mail, Ocean

Group states that it hired a law firm in the UAE to conduct an investigation of

Lidoil.  Aushev Decl. ¶ 11.  That law firm hired Dun & Bradstreet, which prepared

a report that is attached to the Aushev Declaration.  *Id.*  The Dun & Bradstreet

report indicates that Lido Overseas DMCC changed its name to Lidoil DMCC in

December 2022, and that the address of Lidoil DMCC is "Unit No: 2703 Platinum

Tower Plot No. JLT-PH1-12 Jumeirah Lakes Towers, Dubai, UAE."  Aushev Decl.

Ex. 3, ECF No. 25-1 at 68.  This report refers to a "site visit" to Lidoil (ECF No. 25-1

at 71) and attaches a photo of an office with a sign for "Lidoil DMCC" outside the

door and "2703–2704" on the door itself (ECF No. 25-1 at 77).  Other photos, which

appear to have been taken through the outside glass door of this office suite, show a

reception area and workstations, but no personnel in the office at the time.  *Id.* at

77–78.  Based on this showing, Ocean Group has identified a Dubai address that, by

all appearance, is an office maintained by Lidoil.  Although it is unclear how often

that office is open, sending international certified mail to that address is reasonably

calculated, under these circumstance, to apprise Lidoil of the pendency of this

proceeding.

As to service by email, Ocean Group lists four email addresses, all having the

domain name, "19372846.com," that were provided by the broker who arranged for

the relevant contracts between Ocean Group and Lidoil.  But Ocean Group provides

no declaration from this broker describing how she knows that Lidoil actually used

these email addresses to conduct business.  *See Barron*, 2022 U.S. Dist. LEXIS

4

139709, at *5 ("The plaintiff must show that the email is indisputably connected to the defendants and used by them for business purposes." (citation omitted)). The only email address for which Ocean Group makes such a showing is kuz@19372846.com. In particular, Ocean Group provides evidence that Lidoil used the "kuz" address to communicate with Ocean Group representatives. *See* Aushev Decl. Ex. 2, ECF No. 25-1 at 45–49. While the Dun & Bradstreet report lists another email address associated with Lidoil, "priya.aggarwal15@gmail.com," Ocean Group fails to show that Lidoil actually used this address in conducting its business. Indeed, this address does not have the same domain name as the other email addresses said to be associated with Lidoil, but is instead a gmail address, which could be a personal email account. Accordingly, Ocean Group has shown that email addressed to kuz@19372846.com is reasonably calculated to apprise Lidoil of the pendency of this action, but it has not made such a showing for the other email addresses that it identifies.

## III. CONCLUSION

Ocean Group has demonstrated that two methods of alternative service are reasonably calculated, under all the circumstances, to apprise Respondent of the pendency of the action. Accordingly, Ocean Group is granted permission to serve Lidoil by sending *both* (1) international certified mail to the office address that Dun & Bradstreet has identified for Lidoil in Dubai, and (2) email to kuz@19372846.com. Ocean Group shall file proof of service by **February 26, 2026**.

The Clerk of Court is respectfully directed to close the motion at ECF No. 24 as **GRANTED in part and DENIED in part** and to close the motion at ECF No. 19 as **DENIED AS MOOT**.

**SO ORDERED.**

Dated: January 27, 2026
      New York, New York

Henry J. Ricardo
United States Magistrate Judge

6